GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
RASHA GERGES (Cal. Bar No. 218248)
Assistant United States Attorney
OCDETF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6530
    Facsimile: (213) 894-0142
    E-mail: rasha.gerges@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA No. CR 09-412-DOC |
|                Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| | ) <u>JEFFREY MORAN</u> |
|            v. | ) |
| JOHN MARK SOTELO, et al., | ) |
|            Defendants. | ) |

1.    This constitutes the plea agreement between JEFFREY MORAN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2.    Defendant agrees to plead guilty to count seven of the indictment in this case.

NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count seven of the indictment, which charges a violation of Title 26, United States Code, Section 5861(d), the following must be true:

a)   Defendant knowingly possessed a firearm, as that term is defined in Title 26, United States Code, Section 5845(a) and Title 18, United States Code, Section 921(a)(6), specifically a shotgun having a barrel or barrels of less than 18 inches in length;

b)   The firearm was not registered to defendant in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841; and

c)   Defendant knew that the firearm was a shotgun having a barrel or barrels of less than 18 inches in length.

Defendant admits that defendant is, in fact, guilty of this offense as described in count seven of the indictment.

PENALTIES

4.   The statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 5861(d), as alleged in count one of the indictment, is 10 years imprisonment, a three-year period of supervised release, a fine of $10,000, and a mandatory special assessment of $100.

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could

1 result in defendant serving a total term of imprisonment greater

2 than the statutory maximum stated above.

3     6. Defendant also understands that, by pleading guilty,

4 defendant may be giving up valuable government benefits and

5 valuable civic rights, such as the right to vote, the right to

6 possess a firearm, the right to hold office, and the right to

7 serve on a jury.

8     7. Defendant further understands that the conviction in

9 this case may subject defendant to various collateral

10 consequences, including but not limited to deportation,

11 revocation of probation, parole, or supervised release in another

12 case, and suspension or revocation of a professional license.

13 Defendant understands that unanticipated collateral consequences

14 will not serve as grounds to withdraw defendant's guilty plea.

15 <u>FACTUAL BASIS</u>

16     8. Defendant and the USAO agree and stipulate to the

17 statement of facts provided below. This statement of facts is

18 sufficient to support a plea of guilty to the charge described in

19 this agreement and to establish the sentencing guideline factors

20 set forth in paragraph 12 below. It is not meant to be a

21 complete recitation of all facts relevant to the underlying

22 criminal conduct or all facts known to either party that relate

23 to that conduct.

24     On August 21, 2006, defendant possessed a shotgun having a

25 barrel of less than 18 inches in length, which had not been

26 registered to him in the National Firearms Registration and

27 Transfer Record, as required by Chapter 53, Title 26, United

28 States. Code. In particular, law enforcement officers executed a

3

search warrant at defendant's residence on August 21, 2006.  In the closet of the master bedroom, law enforcement officers recovered 25 firearms, including a Stevens Arms, 12 gauge shotgun, model 311R series J, with an obliterated serial number. The Stevens Arms shotgun had a barrel length of 11 7/8 inches.

After waiving his <u>Miranda</u> rights, defendant admitted to law enforcement officers that the firearms found in the master closet of his residence belonged to him.

When defendant possessed the Stevens Arms shotgun, he knew that the barrel of the shotgun was less than 18 inches in length.

The Stevens Arms shotgun, which had an unreadable serial number, was not registered to defendant in the National Firearms Registration and Transfer record as required by Chapter 53, Title 26, United States Code.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

9.   By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant

4

guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF DNA TESTING</u>

10. Defendant has been advised that the government has in its possession the following item of physical evidence that could be subjected to DNA testing: a Stevens Arm, 12 gauge shotgun, model 311R series J, with an obliterated serial number. Defendant understands that the government does not intend to conduct DNA testing of this item. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in Title 18, United States Code, Section 3600. Knowing and understanding

defendant's right to request DNA testing, defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing.  Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under Title 18, United States Code, Section 3600, and in any other proceeding of any type.  Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

<u>SENTENCING FACTORS</u>

11.   Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

12.   Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

6

```
Base Offense Level  :    18    [U.S.S.G. § 2K2.1(a)(5)]

Specific Offense
Characteristic
(Obliterated
Serial Number)      :    +4    [U.S.S.G. § 2K2.1(b)(4)(B)]
```

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.   There is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

15.   The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.

<u>DEFENDANT'S OBLIGATIONS</u>

16.   Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

7

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

g) Forfeit to the United States a Stevens Arm 12 gauge shotgun, model 311R series J, with an obliterated serial number.

<u>THE USAO'S OBLIGATIONS</u>

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be

1   imposed after consideration of the Sentencing Guidelines and all
2   other relevant factors under 18 U.S.C. § 3553(a).

3           c) At the time of sentencing, provided that defendant
4   demonstrates an acceptance of responsibility for the offense up
5   to and including the time of sentencing, to recommend a two-level
6   reduction in the applicable sentencing guideline offense level,
7   pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
8   move for an additional one-level reduction if available under
9   that section.

10                          BREACH OF AGREEMENT

11      18.  If defendant, at any time after the execution of this
12   agreement, knowingly violates or fails to perform any of
13   defendant's agreements or obligations under this agreement ("a
14   breach"), the USAO may declare this agreement breached.  If the
15   USAO declares this agreement breached at any time following its
16   execution, and the Court finds such a breach to have occurred,
17   then: (a) if defendant has previously entered a guilty plea,
18   defendant will not be able to withdraw the guilty plea, and (b)
19   the USAO will be relieved of all of its obligations under this
20   agreement.

21      19.  Following the Court's finding of a knowing and willful
22   breach of this agreement by defendant, should the USAO elect to
23   pursue any charge that was either dismissed or not filed as a
24   result of this agreement, then:

25           a) Defendant agrees that any applicable statute of
26   limitations is tolled between the date of defendant's signing of
27   this agreement and the commencement of any such prosecution or
28   action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

20.  Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 19, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the

following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.   The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 19, and the applicable criminal history category as determined by the Court.

### COURT NOT A PARTY

22.   The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

23.   Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing

1  signed by all parties or on the record in court.

2            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

3       24.  The parties agree and stipulate that this Agreement

4  will be considered part of the record of defendant's guilty plea

5  hearing as if the entire Agreement had been read into the record

6  of the proceeding.

7       This agreement is effective upon signature by defendant and

8  an Assistant United States Attorney.

9  AGREED AND ACCEPTED

10 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

11
   GEORGE S. CARDONA

12 Acting United States Attorney

13

14 _____          ___1/12/10_____
   RASHA GERGES                         Date
   Assistant United States Attorney

15

16      I have read this agreement and carefully discussed every

17 part of it with my attorney.  I understand the terms of this

18 agreement, and I voluntarily agree to those terms.  My attorney

19 has advised me of my rights, of possible defenses, of the

20 sentencing factors set forth in 18 U.S.C. § 3553(a), of the

21 relevant Sentencing Guidelines provisions, and of the

22 consequences of entering into this agreement.  No promises or

23 inducements have been given to me other than those contained in

24 //

25 //

26 //

27 //

28 //

                                12

this agreement.  No one has threatened or forced me in any way to
enter into this agreement.  Finally, I am satisfied with the
representation of my attorney in this matter.

_____          _____
JEFFREY MORAN                             Date
Defendant


    I am JEFFREY MORAN's attorney.  I have carefully discussed
every part of this agreement with my client.  Further, I have
fully advised my client of his rights, of possible defenses, of
the sentencing factors set forth in 18 U.S.C. § 3553(a), of the
relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.  To my knowledge,
my client's decision to enter into this agreement is an informed
and voluntary one.

_____          _____
G. DAVID HAIGH                            Date
Counsel for Defendant
JEFFREY MORAN