G. David Haigh/Bar #50686
Attorney at Law
2901 W. Coast Hwy. Suite 200
Newport Beach, Ca. 92663
(714) 834-1970 Office
(951) 279-1908 Fax
Attorney for Defendant
JEFFREY MORAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.: CR 09-00412-DOC** |
| Plaintiff, | **DEFENDANT'S POSITION REGARDING SENTENCE** |
| Vs. | |
| JEFFREY MORAN, | |
| Defendant. | |

**DEFENDANT'S POSITION REGARDING SENTENCE**

Defendant, JEFFREY MORAN, through counsel, G. David Haigh, hereby submits his position regarding sentence in the above entitled matter.

- 1

In many ways sentencing in this matter reflects the inherent conflict between 18 USC Section 3553 and the pre-Booker guidelines.

Before this Court is a sixty-three (63) year old man, whose life totally cratered after he lost his medical license. He was able to re-establish himself as an interpreter and re-create his life, if on a lesser financial scale. For him a prison sentence represents an economic death sentence. If he receives the sentence recommended by Probation and the AUSA he returns to the community at approximately age sixty-six with no marketable skills. The felony conviction combined with a prison sentence makes him unemployable as a court interpreter and in the unenviable position of trying to re-establish a private interpreter business after a two to three year absence.

This also needs to be viewed in the context of the crime itself. It is undisputed that Mr. Moran obtained the weapon not with the purpose of committing a crime, but rather in the context of preventing future harm. Mr. Moran does not dispute that in the course of his

long possession of the weapon he should have taken steps to dispose of it and not continue to keep it.

No matter how this issue is manipulated by the Probation Report and the Government, it should also be undisputed that the possession here takes the situation wholly outside the core problem addressed by the Federal Sentencing Guidelines. The reason for the original criminalization of these weapons and the lengthy sentences provided by the Guidelines is the fear that the altered state will provide an easily concealed and highly dangerous weapon that can be used for additional crimes. Here, of course, the totality of the evidence is that the weapon was possessed to prevent crime not to facilitate it.

**TESTIMONY REQUIRED**

For this reason it is submitted that the bulk of the Response by the Government and large sections of the Pre-Sentence itself are totally irrelevant to the charge to which Mr. Moran pled guilty.

In any event this Honorable Court will be required to make decisions as to credibility. To the extent that this Court restricts evidence to the actual charge to which Mr. Moran pled guilty, Counsel will request that the Court hear testimony and estimates that this will take approximately one hour.

If this Court holds that the more expanded issues discussed by the Government should be addressed, then additional testimony will be required. Moreover, the Defendant would object to this Court receiving any evidence in camera. The evidence that the Government seeks to introduce by that means is as unreliable as any hearsay can be. The Government seeks to introduce without cross-examination the hearsay statement of a self-admitted accomplice giving a statement for more lenient treatment. Defendant would object to any

- 4

receipt of such evidence, but if received would request the opportunity to confront and cross-examine the hearsay Declarant.

If this evidence is to be considered, Defendant would estimate that testimony will take at least a half day.

Respectfully submitted:

DATED: February 25, 2011

_____/S/_____
   G. David Haigh
   Attorney for Defendant
   JEFFREY MORAN

- 5